IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-103-BO

RUPA RUSSE, individually and as )
Executor of the Estate of Katherine M. )
Vickers, )
      Plaintiff, )
 )
v. )   ORDER
 )
USH-PRUITT HOLDINGS, INC., *et al.*, )
      Defendants. )

This cause comes before the Court on plaintiff's motion to file complaint *nunc pro tunc* and motion for extension of time for service of process.

I. Motion to file complaint *nunc pro tunc*

The Court's electronic filing system (hereinafter "CM/ECF") reflects that plaintiff opened this case on March 22, 2022. The complaint was not filed on CM/ECF until April 12, 2022. Plaintiff filed the instant motion on April 13, 2022, asking that the Court file her complaint *nunc pro tunc* "to conform with the date the undersigned counsel attempted to upload the complaint to this Court's CM/ECF system on March 22, 2022 . . . .." [DE 5 p.1]. Plaintiff states that her counsel was newly admitted to this district and was unfamiliar with the Court's CM/ECF filing system. Plaintiff states that due to administrative error caused by counsel's unfamiliarity and the presumed success of the upload of plaintiff's complaint to CM/ECF, plaintiff's case will be time barred unless the Court permits the complaint to be filed *nunc pro tunc*.

"[T]he narrow confines of the [*nunc pro tunc*] doctrine are widely recognized." *Glynne v. Wilmed Healthcare*, 699 F.3d 380, 384 (4th Cir. 2012). It is applied to "correct mistakes or omissions in the record so that the record properly reflects the events that *actually took place*. It

may not be used to retroactively record an event that never occurred or have the record reflect a fact that never existed." *Id.* at 383–84 (emphasis in original).

As plaintiff's motion indicates, plaintiff's counsel *attempted* to upload plaintiff's complaint on March 22, 2022. But the complaint was not, in fact, uploaded, as is reflected on the Court's docket. Although plaintiff relies on her counsel's unfamiliarity with this Court's CM/ECF system, the *nunc pro tunc* doctrine does not extend to such a circumstance. The motion to file the complaint *nunc pro tunc* is therefore denied.

II.     Motion to extend time for service of process

Rule 4 of the Federal Rules of Civil Procedure provides that proper service must be effected on a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If proper service is not made within ninety days, the court must dismiss the action without prejudice after notice to the plaintiff or order that service be made within a specified time. *Id*. If the plaintiff has shown good cause, however, the court must extend the time for a reasonable period. *Id.* Good cause for failure to comply with Rule 4 generally is determined on a case-by-case basis and is within this Court's discretion. *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016).

Plaintiff seeks an extension of time until the Court rules on her motion to file her complaint *nunc pro tunc*. For good cause shown, the motion for extension is granted. Plaintiff shall have through and including September 6, 2022, to effect service on defendants.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to file complaint *nunc pro tunc* [DE 5] is DENIED. Plaintiff's motion for leave to file proposed order [DE 6] is DENIED AS MOOT.

2

Plaintiff's motion for extension of time to effect service [DE 7] is GRANTED. Plaintiff is granted through and including September 6, 2022, to effect service on defendants.

SO ORDERED, this __9__ day of August 2022.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:22-cv-00103-BO   Document 8   Filed 08/09/22   Page 3 of 3