IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-103-BO

RUPA RUSSE, individually and as Executor of the )
Estate of Katherine M. Vickers, )
          Plaintiff, )
)
v. )        O R D E R
)
UHS-PRUITT HOLDINGS, INC., PRUITT )
HEALTH, INC., PRUITTHEALTH, INC., )
UNITED HEALTH SERVICES OF NORTH )
CAROLINA, INC., )
PRUITT HEALTH – RALEIGH, LLC, )
PRUITTHEALTH CARE MANAGEMENT, INC., )
PRUITTHEALTH CONNECT, INC., )
PRUITTHEALTH VENTURES, INC., )
PRUITT HEALTH – CHINA, LLC, )
          Defendants. )

This cause comes before the Court on motions to dismiss filed by defendant UHS-Pruitt Holdings, Inc. and PruittHealth-Raleigh pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to file a response, and the time for doing so has expired. The motions are thus ripe for ruling and, for the following reasons, are granted.

## BACKGROUND

Plaintiff filed her complaint in this case on April 12, 2022, alleging claims for ordinary negligence, medical and professional negligence, medical malpractice, wrongful death, corporate negligence, intentional and negligent infliction of emotional distress, and breach of contract. The claims arise following the death of her mother, Katherine Vickers, who had been a patient at North Carolina nursing facility. Plaintiff had attempted to file her complaint on March 22, 2022, and later

moved to file her complaint *nunc pro tunc*. The Court denied plaintiff's request. [DE 8]. The Court also permitted plaintiff an extension of time to effect service. *Id.*

Plaintiff had previously filed a complaint alleging claims for ordinary negligence, medical negligence, medical malpractice, wrongful death, and corporate negligence in Wake County, North Carolina Superior Court. [DE 17-1]. This complaint, which was filed on October 13, 2020, alleged claims against Pruitt Health, Inc. only. *Id.* On March 23, 2021, plaintiff voluntarily dismissed her Superior Court complaint without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. [DE 17-2]. This rule provides that if an action is voluntarily dismissed without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1).

Two defendants have appeared in this action and have filed the instant motions to dismiss. They contend that they are the only two defendants that have been served. The Court's docket does not reflect proof of service as to any remaining defendants, and the time for service pursuant to Rule 4(m) and this Court's extension has passed.

Defendant UHS-Pruitt Holdings, Inc. has moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendant PruittHealth-Raleigh has moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to respond to either motion, and the Court will consider each motion in turn.[1]

## DISCUSSION

I.  Personal jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the

---

[1] Plaintiff has, at all times in this action, been represented by counsel.

plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). A court may consider affidavits attached to a motion when determining whether the plaintiff has made a prima facie showing of personal jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs*, 886 F.2d at 676.

Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Due Process Clause prohibits a court from exercising specific jurisdiction over a defendant unless that defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Plaintiff alleges that all defendants are corporations foreign to North Carolina which maintain a principal place of business in the State of Georgia, and that "[s]ome, or all, of

Defendants conduct business in North Carolina as registered foreign corporations who intentionally conduct business in North Carolina." [DE 3 ¶¶ 7, 8]. Plaintiff alleges that her mother, Ms. Vickers, "entered into a contract for services to be performed by Defendant through their employees, agents, and servants . . .." *Id.* ¶ 126.

Plaintiff's complaint makes no specific allegations regarding UHS-Pruitt Holdings, Inc. and its contacts with the State of North Carolina. "Blanket conclusory allegations as to multiple defendants are insufficient" to demonstrate the existence of personal jurisdiction. *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).

UHS-Pruitt Holdings has further rebutted plaintiff's general allegations by the affidavit of its general counsel. [DE 15-1] Crosby Aff. *See Vision Motor Cars*, 981 F. Supp. 2d at 468 ("Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position."). UHS-Pruitt is incorporated and has its principal place of business in the State of Georgia, it does not conduct business in North Carolina, and it is not registered to do business in North Carolina under another name. Crosby Aff. ¶¶ 4-6. UHS-Pruitt does not own, operate, or control any healthcare facilities in North Carolina and is not a party to any contract with Ms. Vickers. *Id.* ¶¶ 8-13. Mere registration to do business in North Carolina and designation of a registered agent in North Carolina is insufficient to subject UHS-Pruitt to general jurisdiction. *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 738 (M.D.N.C. 2015).

There are further no grounds on which to find the Court has specific jurisdiction over UHS-Pruitt Holdings. As discussed above, UHS-Pruitt does not own, operate, or control any North Carolina nursing or care facilities and it is not a party to any contract with Ms. Vickers. Plaintiff's

4

claim that the corporate defendant, Pruitt, was responsible for the actions of PruittHealth-Raleigh employees is conclusory and unsupported by any factual allegations.

In sum, plaintiff has failed to sufficiently allege or demonstrate that the Court has personal jurisdiction over defendant UHS-Pruitt Holdings, and her claims against this defendant are properly dismissed pursuant to Rule 12(b)(2).

II.     Failure to state a claim

Defendant PruittHealth-Raleigh moves to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

PruittHealth-Raleigh (PHR) argues first that plaintiff's claims are barred by the applicable statute of limitations. "Affirmative defenses such as a statute of limitations defense can only be reached on a motion to dismiss 'if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Bankaitis v. Allstate Ins. Co.*, 229 F.Supp.3d 381, 384 (M.D.N.C. 2017) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).

5

The Court notes that plaintiff's counsel has agreed that, should the complaint not receive a filed date of March 22, 2022, her claims would be time-barred. [DE 5 ¶ 9]. The statutes of limitations applicable to plaintiff's claims, all brought under North Carolina law, are either two or three years. *See* N.C. Gen. Stat. § 1-53(4) (wrongful death claim must be brought within two years from the date of accrual of the claim, which is the date of death); N.C. Gen. Stat. § 1-52(5) (claims for professional and ordinary negligence as well as intentional infliction of emotional distress must be filed within three years); N.C. Gen. Stat. 1-52(1) (breach of contract claims must be filed within three years). As is alleged in plaintiff's complaint, plaintiff's mother died on October 16, 2018, and she was last treated on October 15, 2018. Compl. ¶¶ 63, 71, 80, 81. Each of plaintiff's claims against PHR, which were not filed until April 2022, are therefore beyond the statute of limitations and therefore time barred.

Moreover, plaintiff's prior voluntary dismissal in North Carolina state court, on which she relied to extend the limitations period in filing this suit, applies only to her claims against defendant PruittHealth, Inc., the only named defendant in the state court action. [DE 17-1]; N.C. Gen. Stat. § 1A-1, Rule 41. Where the defendants are "distinct and separate corporate entities", as PHR has argued and plaintiff has not rebutted, the savings clause of a Rule 41(a) dismissal under North Carolina law applies only to the entity named in the original complaint. *Cherokee Ins. Co. By & Through Weed v. R/I, Inc.*, 97 N.C. App. 295, 299 (1990). Thus, any tolling of the limitations period which could be applied in this case would apply only to defendant PruittHealth. However, as noted above, plaintiff's complaint in this action was not received by the clerk until April 12, 2022, more than one year following her state court Rule 41 dismissal. *See Allen v. Atlas Box & Crating Co.*, No. 20-1910, 2023 WL 1486313, at *5 (4th Cir. Feb. 3, 2023) ("an action under

6

federal law is commenced for limitations purposes when a plaintiff delivers a complaint to the district court clerk").

## CONCLUSION

Accordingly, for the foregoing reasons, defendant UHS-Pruitt Holdings' motion to dismiss for lack of personal jurisdiction [DE 15] is GRANTED. Defendant PruittHealth-Raleigh's motion to dismiss for failure to state a claim [DE 17] is also GRANTED. Plaintiff's claims are time-barred and her complaint against all defendants is hereby DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this _10_ day of February 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE